**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| JOSE VALLEJO, JR., | ) | |
| ID # 27871-177, | ) | |
|     Movant, | ) | No. 3:13-CV-4374-D (BH) |
| vs. | ) | No. 3:01-CR-0352-D (05) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|     Respondent. | ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to Special Order 3-251, this case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the motion to vacate, set aside, or correct sentence should be **DENIED** with prejudice as barred by the statute of limitations.

**I.  BACKGROUND**

Jose Vallejo, Jr. ("Movant"), an inmate in the federal prison system, filed his *28 U.S.C. § 2241 Actual Innocence of Sentence* ("Mot.") on August 6, 2013, in the Fort Worth Division. After being provided notice as required by *Castro v. United States*, 540 U.S. 375, 383 (2003) (doc. 8), his filing was construed as a § 2255 motion to vacate and transferred to the Dallas Division by order dated October 7, 2013. (doc. 10). The respondent is the United States of America ("Government").

On May 22, 2002, Movant was charged by superceding indictment with conspiracy to possess with intent to distribute more than 500 grams of methamphetamine and more than 5 kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A). (*See* Superceding Indictment). Pursuant to a plea agreement, he pled guilty to count one of the indictment, and he was sentenced on November 15, 2002, to 188 months' imprisonment, followed by a five-year term of supervised release. (*See* Amended Judgment). Movant did not appeal his conviction or sentence.

## II. STATUTE OF LIMITATIONS

Section 2255 of Title 28 "establishes a '1-year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section." *Dodd v. United States*, 545 U.S. 353, 356 (2005).  It states that:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).  With regard to § 2255(f)(1), Movant's conviction became final back in November of 2002, when the ten days for filing an appeal from the judgment elapsed.  *See* Fed. R. App. P. 4(b)(1)(A)(I); Fed. R. App. P. 26(a).[1]  He now asserts that the Government failed to meet its burden of proof at his sentencing hearing with regard to the amount of drugs for which he was held accountable, and that he was sentenced in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005) (Mot. at 7-8).  To the extent that Movant is arguing that his claims are based on these Supreme Court cases, the most recent one was handed down by the Supreme Court on January 12,

---

[1] In 2009, the appellate rules were amended to lengthen the time to file an appeal to fourteen days.

2005. Even beginning the one-year statute of limitations on that date, Movant filed his motion over eight years later, so it is untimely in the absence of equitable tolling.

"[T]he statute of limitations in § 2255 may be equitably tolled in 'rare and exceptional circumstances.'" *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998) (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). In the context of a habeas petition filed by a state prisoner, the Supreme Court has stated that a habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010), *citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "[E]quity is not intended for those who sleep on their rights." *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989). Furthermore, Movant bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Here, Movant has presented no argument or evidence in support of equitable tolling. Given the number of years that he allowed to pass after his conviction became final, and after the Supreme Court cases on which he relies were handed down, he has failed to establish that he diligently

pursued his rights as required by Supreme Court case law. *See Holland*, 130 S.Ct. at 2562.[2] Because Movant has not met his burden to establish circumstances warranting equitable tolling, the Court should deny his motion to vacate as untimely.

### III.  RECOMMENDATION

The Court should find Movant's motion to vacate, set aside, or correct sentence barred by the statute of limitations and **DENY** it with prejudice.

**SIGNED this 31st day of October, 2013.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[2] Movant acknowledged that a § 2255 motion in his case would be untimely and initially styled his motion as being filed pursuant to 28 U.S.C. § 2241. (*See* doc. 9). Section 2241 may not be used to avoid procedural hurdles presented under § 2255, such as the one-year statute of limitations, or the restriction on filing second or successive motions to vacate. *Pack v. Yusuff*, 218 F.3d 448, 453 (5th Cir. 2000).